IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Jerry W. Tomlinson, Jr.,**

    **Plaintiff,**                              **Case No. 2:24-cv-4158**

    v.                                     **Judge Michael H. Watson**
                                                 **Magistrate Judge Kimberly A. Jolson**

**Adam Butschek, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1).

The Clerk of Court issued Plaintiff a Notice of Deficiency because his action was filed without the required filing fee or motion for leave to proceed *in forma pauperis*. (Doc. 2). In particular, Plaintiff failed to use the Southern District of Ohio's designated form: an Application to Proceed Without Prepayment of Fees and Affidavit. (*See* Doc. 1 (providing an affidavit of indigence from the Supreme Court of Ohio)). The proper form was attached to the notice, and Plaintiff was given thirty days to refile his motion on the correct form. (Doc. 2). That deadline has passed, and Plaintiff did not re-file his motion.

Even if Plaintiff initially used the correct form, there is not enough information on what he filed for the Court to assess whether he qualifies for *in forma pauperis* status. The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally

destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the court's filing fee will render the plaintiff unable to provide for herself, the Court cannot grant her *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

Here, the only financial information Plaintiff's affidavit provides is that he is unemployed. (Doc. 1). This alone does not give clear insight into Plaintiff's assets, expenses, income, or support he may receive that would allow the Court to fully evaluate his financial status. *See* 28 U.S.C. § 1915(a). In other words, it is not clear from his affidavit that the one-time payment of the court's filing fee would render him unable to provide for himself. *See Adkins*, 335 U.S. at 339.

For these reasons, the Undersigned **RECOMMENDS** that Plaintiff's Motion (Doc. 1) be **DENIED** and that he be ordered to pay the filing fee **within thirty (30) days** or else his case should be **DISMISSED without prejudice** for failing to pay the filing fee.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      IT IS SO ORDERED.

Date: December 19, 2024                /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE