IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Jerry W. Tomlinson, Jr.,**

    **Plaintiff,**                                      Case No. 2:24-cv-4158

    v.                                           Judge Michael H. Watson
                                               Magistrate Judge Kimberly A. Jolson

**Adam Butschek, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff Jerry W. Tomlinson, Jr., an Ohio resident who proceeds *pro se*, brings this action against Adam Butschek, Gilbert Salem, Kevin A. Savage, John D. Wiseman, and Detective Shawn Beam. (Doc. 1-1). Previously, the Clerk of Court issued Plaintiff a Notice of Deficiency because his action was filed without the required filing fee or motion for leave to proceed *in forma pauperis*. (Doc. 2). In particular, Plaintiff failed to use the Southern District of Ohio's designated form: an Application to Proceed Without Prepayment of Fees and Affidavit. The proper form was attached to the notice, and Plaintiff was given thirty days to refile his motion on the correct form. (Doc. 2). When Plaintiff did not refile the motion within the time allotted, the Undersigned recommended his motion be denied and he be required to pay the filing fee. (Doc. 3). Plaintiff has now filed the correct form, and the Undersigned can evaluate his financial status. (Doc. 4). As such, the Undersigned **WITHDRAWS** the December 19, 2024, Report and Recommendation (Doc. 3).

This matter is now before the Undersigned for consideration of Plaintiff's re-filed Motion to Leave to Proceed *in forma pauperis* (Doc. 4) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). The Undersigned **GRANTS** Plaintiff's refiled Motion for Leave to Proceed *in forma pauperis* (Doc. 4), and **DENIES** his first motion **as moot** (Doc. 1).

Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

I.      **STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys.  *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).  But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented."  *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).  Nor is it the Court's role to "ferret out the strongest cause of action on behalf of *pro se* litigants" or advise "litigants as to what legal theories they should pursue."  *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (considering the *sua sponte* dismissal of an amended complaint under 28 U.S.C. § 1915(e)(2)).  At bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted).  In reviewing Plaintiff's Amended Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

2

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Iqbal*, 556 U.S. at 662 (internal quotation and quotation marks removed). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). In the end, the Court must dismiss the Amended Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

**II.     DISCUSSION**

Plaintiff names five people as Defendants in his Complaint: (1) "Homeland Security Officers of Investigations Deputy Director o[f] Investigations Adam Butschek"; (2) "Homeland Security[] Offices of Investigations Gilbert Salem"; (3) "Delaware County Sheriff[']s Detectives Offices Captain Kevin A. Savage"; (4) "Delaware County Sheriff[']s Dept. Deputy Chief John D. Wiseman"; and (5) "Union County Sheriff[']s Detectives Offices Detective Shawn Beam." (Doc. 1-1 at 1–2). The specific claims against them are not immediately clear because Plaintiff's Complaint is difficult to understand. Plaintiff first alleges he "became a targeted citizen wrongly by the death of Michelle L. Walker." (Doc. 1-1 at 4). It appears that Plaintiff was independently investigating this death. He claims that in 2020 he was "getting close" in his investigation but then the Delaware County Detective's Offices and "a citizen of Union County Sheriff's Dep[artment]" as well as "Homeland Security Offices" began to target him. (*Id.*). To this end, Plaintiff says Defendant Savage attempted to get him to "jokingly" confess to a crime; "Homeland Security Offices" falsely detained Plaintiff; unidentified officials evicted and surveilled Plaintiff; and the "combined entit[ies] of police" possibly orchestrated or covered up a bus crash Plaintiff allegedly

3

witnessed in 2023. (*Id.* at 4–6). As relief, Plaintiff asks for "a full criminal investigation;" a physical and mental examination; damages; and an audit of government officials. (Doc. 1-1 at 6–7).

In short, Plaintiff's Complaint fails to state a claim upon which relief may be granted and contains wholly incredible allegations that warrant dismissal. *Ruiz*, 325 F. App'x 427, 429–30. Plaintiff's Complaint is comprised of unclear, rambling, and unspecific accusations. Even the allegations that are decipherable, detailed above, are devoid of factual specificity that might allow the Undersigned to liberally construe legal claims. For example, while Plaintiff may be attempting to allege a false arrest, malicious prosecution, or retaliation claim, he does so in a conclusory fashion that leaves the Undersigned guessing at who committed these alleged wrongs and what events occurred. In fact, Defendant Savage is the only Defendant expressly named in Plaintiff's statement of facts. And all Plaintiff says is that Savage tried "to get [him] to jokingly admit the murder [of Walker]." (Doc. 1-1 at 4). This is not enough to meet basic pleading standards. *Twombly*, 550 U.S. at 555. And, in the end, the Court need not delve into every claim Plaintiff could be alleging. To do so, and to subsequently allow Plaintiff's claims to proceed, would be to "conjure allegations" on his behalf. *Martin*, 391 F.3d at 714. The Undersigned declines to do so here.

At base, it seems that Plaintiff is unhappy with a criminal investigation he thinks he could do better and, therefore, alleges that the investigatory bodies involved are corrupt. But to the extent Plaintiff seeks a new criminal investigation, "the law is clear that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime." *Woods v. Miamisburg City Sch.*, 254 F. Supp. 2d 868, 873 (S.D. Ohio 2003) (citation omitted); *see also Marshall v. Stengel*, No. 3:10-cv-159-S, 2010 WL 1930172, at *2 (W.D. Ky.

4

May 12, 2010) ("[M]embers of the general public (even if they claim to be witnesses to or victims of a crime) lack standing to enforce the criminal laws or to seek a judicial order compelling initiation of a criminal prosecution."). For all these reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** in full.

### III.  CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** Plaintiff's re-filed Motion for Leave to Proceed *in forma pauperis* (Doc. 4), and **DENIES** his first motion **as moot** (Doc. 1). The Undersigned also **WITHDRAWS** the December 19, 2024, Report and Recommendation (Doc. 3). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.

Date: January 7, 2025                       /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE